## ANDREW PIERCE *versus* WOODBRIDGE ODLIN.

Where a mortgage of lands, of which the mortgagor has no recorded title, is made (and duly recorded) to him who is the absolute owner thereof by the records, and the mortgagee assigns to another " all his right, title and interest in and to the within mortgaged premises," and this assignment is also recorded; such record must be regarded as notice of such assignment, to after attaching creditors and purchasers of the mortgagee.

And such mortgagee, making such assignment, and those claiming title under him, as after attaching creditors or purchasers, are estopped to deny the title of the assignee by virtue of the mortgage.

THIS case came before the Court on the following statement of facts: —

" Writ of entry dated May 22, A. D. 1844, to recover possession of a tract of land named in the writ, being one undivided half part of No. 33 and 34, on Rufus Gilmore's plan of the northwest of Bangor.

" *Demandant's title.* — John C. Dexter and wife, conveyed said lots No. 33 and 34, to Samuel Smith of Bangor, by deed of warranty, dated March 21st, 1835, recorded April 7th, 1835, in the Penobscot registry. On the 20th day of January, 1836, on a writ issued against said Smith, all the right, title and interest, which the said Smith had to any real estate in Penobscot county, was attached.

" The writ was duly entered and continued from term to term,

until the June Term, 1838, when judgment was rendered for the demandant, and execution issued and a levy was made on the land named in the writ, and also on the other undivided half part.

" *Tenant's title.* — The said Smith conveyed by deed of warranty, dated March 21, 1835, duly acknowledged and recorded, March 19, 1836, in the Penobscot registry, the whole of the said lots to one Taylor and Wm. H. Foster, in equal undivided moieties; the said Foster and Taylor conveyed each one undivided half of said lots, by separate deeds of warranty, in mortgage to secure certain notes named in the same to said Smith; the said Foster's deed, dated March 21, 1835, and duly acknowledged and recorded March 23, 1835, in Penobscot registry, with an assignment of said mortgage deed and notes from said Smith to one Wm. Hasey, Jr. duly acknowledged, and recorded April 17, 1835 ; and also an assignment of said deed and notes to the tenant by said Hasey, which was duly acknowledged and recorded in Penobscot registry, June 12, 1835, which assignment and conveyances are to be copied and made part of the case. Subsequently and on the 21st day of November, 1836, the said Foster conveyed his interest in the land, to one Patten, and said Patten conveyed the same to the tenant, by deed dated May 25, 1837, and recorded.

" The Court to give judgment for demandant or tenant on the foregoing statement.

" Wm. H. McCrillis, for tenant.
" Jas. S. Rowe, for demandant."

The assignment from Smith to Hasey, made on the back of the mortgage deed, and recorded on April 17, 1835, was in these words : —

" Know all men by these presents, that I, Samuel Smith within named, in consideration of one dollar to me paid by William Hasey, Jr., of Bangor, gentleman, the receipt whereof I do hereby acknowledge, do hereby assign, transfer and make over unto said Hasey, his executors, administrators and assigns, all the right, title and interest which I have in and to the with-

in mortgaged premises and also the notes in said mortgage described, with power to collect the same to his own use. In witness whereof, I have hereunto set my hand and seal, this fourteenth day of April, 1835.  " Samuel Smith." [L. S.]
  " Signed, sealed, and delivered in presence of,
                                            "_____ _____".
There was no witness to this assignment.

*Rowe,* for the demandant, said that the land in controversy in this case is the other undivided half of the same lots, to recover which the suit was brought, *Pierce* v. *Taylor,* 10 Shepl. 246. The only difference in the cases is, that in the former the mortgage from Taylor to Smith, remained in Smith until the levy of the execution. In the present case, Smith had assigned the notes and mortgage from Foster to him, to Hasey, and Hasey to the tenant. He should rely on that case, until he heard what distinction was claimed for the tenant.

*Kelley,* for the tenant, said both parties claimed under Sam'l Smith, for the deed from Smith to Foster must be laid out of the case, as it was not recorded until after the attachment. We rely on the deed from Smith to Hasey and from him to the tenant. Smith's assignment, as it is called, is a valid deed to convey the land to Hasey. No particular form of words is necessary to convey lands. Here all Smith's right, title and interest in the " within mortgaged premises" are conveyed. 4 Mason, 45 ; 4 Kent, 461 ; 1 Mass. R. 219 ; 2 N. H. R. 402 ; 3 Johns. R. 484 ; *Frost* v. *Deering,* 21 Maine R. 156.

But if this is not to be considered as an absolute deed of conveyance of the land, still it must operate as an estoppel upon Smith, and all claiming under him as privies in estate, to deny that the land then belonged to Smith. Neither he, nor any one claiming under him, could ever afterwards claim any thing in the land against his assignee. 1 Story's Eq. p. 376 ; 16 Maine R. 146 ; 20 Maine R. 228 ; 21 Maine R. 130 ; 3 Pick. 52 ; 14 Pick. 374 ; 15 Pick. 82 ; 17 Mass. R. 249 ; 7 Conn. R. 214 ; 7 Greenl. 96.

*Rowe,* in reply : — This is a mere assignment of a personal interest, the notes and mortgage. It is not a conveyance of

the land to Hasey, but a mere passing over to him of the notes of Foster with Foster's mortgage. It was not the intention of either of the parties, that Smith should convey any estate or interest of his own, but merely that Foster's notes, with the security Foster gave, should be transferred to Hasey. And this is all which the language used authorizes.

The assignment of the mortgage by Smith was not witnessed. To convey land, a deed of it must be made, which is witnessed by at least one witness. Witnesses, or at least a witness, is one of the essential requisites. Stat. 1831, c. 36, § 1. And it is the same by the Rev. Stat. c. 91.

But if Smith is estopped to deny, that Foster had a good title to the land, there is no such estoppel upon his grantees.

The opinion of the Court was drawn up by

WHITMAN C. J. — The land demanded was set off to the plaintiff by levy on execution as the property of Samuel Smith, as whose it had been attached on the original writ in the suit, to satisfy the judgment on which the execution had issued. The attachment bears date Jan. 20, 1836. Before that time Smith had taken a mortgage of the premises in fee, and had assigned it to one Hasey, who had assigned the same to the tenant; so that the tenant had, before the attachment, acquired a good title to the premises demanded, against Smith, he being estopped to dispute the title he had thus been the means of making to the tenant; and Smith's privies in estate are also estopped. If he had, subsequent to these assignments, conveyed the premises to the plaintiff, he could not sustain a title, so acquired, against that of the tenant under the mortgage and assignments. The attachment and subsequent levy amount to nothing more than a statute mode of conveyance from Smith to the plaintiff. Either mode of conveyance must be subject to all prior liens created by the grantor and regularly apparent of record.

The decision in the case of *Pierce* v. *Taylor*, 23 Maine R. 246, cited by the plaintiff's counsel, as decisively in his favor, is very distinguishable from the case here. In that case Smith,

the debtor, had simply taken a mortgage from Taylor, the defendant, who, so far as appeared of record, at the time the attachment was made by the plaintiff, had no title. This did not divest Smith of any title he had, as apparent of record, at the time of the attachment, aside from that acquired under his mortgage. If by accepting the mortgage Smith would be estopped, as between him and Taylor, to dispute the title of the latter, still it was but an equitable estoppel, not arising from any express language of the former, importing a grant or conveyance from him. For such language only, was Smith's creditor bound to search the records in order to ascertain whether the title had passed out of him or not. He was not bound to look for the language of some third person, whose name he could have no previous knowledge of, to ascertain if he had conveyed to Smith in such a manner as to work an estoppel between him and Smith. Whereas if there were an express transfer, as in the case at bar, from Smith to a third person, and that apparent of record at the time the plaintiff made his attachment, he would be bound to notice it, and his levy could not defeat its operation.        *Plaintiff nonsuit.*